[No. 10,578.—In Bank.]
Jan. 21, 1882.

## THE PEOPLE *v.* LOUIS M. OLIVIE.

ROBBERY—SUFFICIENCY OF EVIDENCE—BILL OF EXCEPTIONS—AMENDMENT.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of the City and County of San Francisco.   BOWERS, J.

In the original bill of exceptions, appearing in the transcript, there was no evidence whatever tending to show that the defendant was guilty of the crime charged.   Subsequently, on the fourteenth day of May, 1881, the Court below made an order reciting that the original bill of exceptions was erroneous, and that the certificate was inadvertently made, and ordering that the same be canceled and set aside; and at the same time settled and certified to a new bill of exceptions, which was filed in the Supreme Court on the seventeenth day of May, 1881.

*A. D. Splivalo,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

The COURT:

We have had to deal with a great many defective records, but the one filed in this case, is the worst we have ever seen.

The defendant was convicted in the Superior Court, of the crime of robbery, upon an information charging him with

robbing one Stefano Moresi on the thirty-first day of March, 1879, and the following was all the evidence in the case, as appears from the bill of exceptions:

"Stefano Moresi being duly sworn on behalf of the People, testified: That on or about the thirty-first day of March, 1870, S. Moresi had a certain sum of money, to wit, eight twenty-dollar pieces, five five-dollar pieces, and two two-and-a-half dollar pieces, and a silver watch of the value of twenty dollars.

Q. *Where did this take place?*

A. At Hayes Valley.

Q. Where is Hayes Valley?

A. I don't know.

Q. Do you know whether it is in the city and county of San Francisco?

A. I don't know."

"The defendant, *L. M. Oliver,* being duly sworn on his own behalf, testified that at the time of the alleged offense defendant was in Italy, and not in the city and county of San Francisco, and that he had not taken the money or watch of S. Moresi."

"In rebuttal the prosecution examined H. H. Bodie and A. Galley, who testified that at the time of the alleged offense, to wit, on or about March 31, 1879, they were acquainted with *L. M. Oliver,* and at that time said *Oliver* was in the city and county of San Francisco. *This was all the evidence offered.*"

The bill of exceptions simply shows that in *March,* 1870, S. Moresi had a certain amount of money and a silver watch; but there is not a particle of evidence in the case showing that either the money or the watch ever passed out of his possession by the act of the defendant. In other words, there is a total failure to prove the *corpus delicti.* It was bad enough to fix the time in 1870, instead of 1879, thereby attempting to prove and punish an act long since barred by the statute of limitations; but it was worse, if possible, to omit all evidence of the commission of any crime. If District Attorneys, as well as the judges who try cases, would examine with greater care transcripts that are prepared for this Court, arrange and see that the facts established by the evidence are properly

brought before us on appeal, the ends of justice would be greatly promoted.

We are obliged to reverse the judgment and remand the case for a new trial. It is so ordered.